IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES ENQUIST,

    Petitioner,               No. CIV S-11-0572 GGH P

    vs.

F. CHAVEZ, Warden, et al.,

    Respondents.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        It is difficult to unravel petitioner's challenge(s) herein. Petitioner appears to be currently serving a twenty-seven-year-to-life sentence (Case No. 02F4257)[1] to be followed

---

[1] According to an unpublished opinion of the Third District Court of Appeal, petitioner was sentenced to 27 years to life following a conviction by a jury of escape by force or violence and simple escape and pursuant to petitioner having been found to have suffered two prior strikes and two prior prison terms. People v. Enquist, 2005 WL 503996 * 1 (Cal.App. 2005). (The state

1

consecutively by a twenty-five-year-to-life sentence imposed in Shasta County Superior Court on March 1, 2005, as the result of a plea entered on January 24, 2005 (Case No.00F991),[2] but he brings this petition to enforce what he contends were terms of an unrelated 1991 plea agreement (to two robbery counts for which he received a five-year sentence) in Los Angeles County Court (Case No. PA005725),[3] pursuant to which he believes he should have been sentenced, in both Case No. 02F4527 and Case No.00F991, to an additional five years for prior strikes and not to, respectively, 27 years to life and 25 years to life.  Petition, pp. 1, 19-20, Docket # 1-1, Exhibit F, copy of 1991 plea colloquy transcript, pp. 19-29.   He predicates this claim on one particular aspect of what the district attorney in 1991 cautioned him:

> It's important to note that I believe Count 1 and Count 2 are serious felonies, and what that means is if after you're released from state prison you are arrested again on a serious felony, these charges can be used against you and add five years.

Petition, Dkt. # 1, p. 4, Dkt. # 1-1, p. 27.

Notwithstanding, petitioner concedes that on January 24, 2005, he entered a guilty plea to Count 11 of a 12-count amended information, admitted two strike priors and agreed to a prison term of 25-years-to-life (Case No.00F991) to run consecutive to the 27-year-to-life sentence in (Case No. 02F4257).  Petition, p. 19.  It appears that petitioner is seeking to challenge both life sentences on the following grounds: 1) his due process rights were violated when what there was not specific performance of what he contends were terms of the plea bargain; 2)

---

appellate court struck the lesser included conviction and sentence as to simple escape and ordered an amended abstract of judgment, but the sentence had been stayed by the trial court as to that count in any event. Id., at *5-*6. The judgment was otherwise affirmed. Id. at *6).

[2] In this case, petitioner pled guilty to possession for sale of methamphetamine and admitted to two prior strikes pursuant to the three strikes law. People v. Enquist, 2005 WL 3366954 * 1(Cal. App. 2005).

[3] Petitioner pled guilty in Los Angeles County Municipal Court on February 22, 1991 to one count of second degree robbery and one count of first degree residential robbery and was sentenced, on March 20, 1991, in Los Angeles County Superior Court, pursuant to the plea bargain to five years in state prison. Petition, Dkt. # 1-1, pp. 19-30.

2

petitioner received ineffective assistance of counsel when his counsel failed to seek and secure specific performance of the 1991 plea bargain.[4]  Petition, pp. 4, 51-68.

        Petitioner may not proceed in a single federal habeas petition to challenge two convictions/sentences.  See Fed. Rules Governing Section 2254 Cases, Rule 2(e);[5] see also, Magwood v. Patterson, __ S. Ct. ___, 2010 WL 2518374 *9, n. 9 (June 24, 2010); Mansanares v. Arpaio, 2009 WL 1456858 *1 n. 1 (D. Ariz. May 21, 2009).  That the state appellate and supreme courts may have consolidated and considered the convictions/sentences together does not abrogate the fact that each conviction/sentence constitutes a separate adjudication of different offenses with which petitioner was charged, which petitioner does not dispute.  This petition will be dismissed with leave granted to file an amended petition challenging only one conviction/sentence, either the one he is currently serving or the one to which he is sentenced but not yet serving time for.[6]  Should petitioner seek to challenge both convictions/sentences, he may challenge the other life sentence only by filing a new petition identifying the separate case.

        To clarify, to the extent petitioner may seek to challenge the conviction and/or sentence of the consecutive sentence he is not yet serving, he may do so, albeit he must, as noted, challenge each conviction/sentence in separate petitions.  See Maleng v. Cook, 490 U.S. 488,

---

[4] Although petitioner sets forth only these two grounds within the petition form, he argues for two more grounds within his supporting memorandum, even though it is apparent as to the two additional grounds that they pertain to only one of the convictions/sentences he (improperly) seeks to challenge together on the two grounds identified above. His third, additional, ground claims a due process violation for a trial court error in allowing evidence that petitioner had threatened an officer with a gun and a fourth claim, alleging a violation of petitioner's due process rights when the trial court erroneously refused a request by petitioner to instruct the jury that petitioner's threat regarding the gun was not evidence of force. Petition, pp. 69-93.

[5] "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

[6] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3

493, 109 S. Ct. 1923 (1989)(prisoner may challenge sentences imposed upon him by state even though not presently serving them), citing Peyton v. Rowe, 391 U.S. 54, 88 S. Ct. 1549 (1968) (holding that petitioner serving two consecutive sentences can challenge second sentence not yet being served).  Thus, petitioner herein may challenge the sentence imposed in Case No. 00F991, the case giving rise to his second, yet-to-be-served sentence, and he may challenge Case No. 02F4257, for which he is currently serving a sentence, but he may not do so within the same petition.  Nor does petitioner appear to frame a cognizable claim in any putative challenge to either sentence by predicating it upon the alleged terms of a 1991 plea agreement resulting in a term of imprisonment for which petitioner has quite evidently not been in custody for a number of years.

A challenge by petitioner to the validity of the 1991 underlying state court conviction may not be raised in this action.  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04, 121 S. Ct. 1567 (2001) (a defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained).  Petitioner's challenge to the state court conviction does not raise a cognizable claim.

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. See Daniels, post, at 382, 121 S.Ct. 1578. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna, at 403-404, 121 S. Ct. at 1574.

In Daniels v. U.S., 532 U.S. 374, 121 S. Ct. 1578 (2001), cited internally, supra, a movant convicted in federal court of being a felon in possession of a firearm sought to challenge by way of a § 2255 motion the constitutionality of state convictions used to sentence him pursuant to the Armed Career Criminal Act.  The Supreme Court held therein that a federal

1  defendant could challenge a prior conviction used to enhance a federal sentence only if the earlier
2  conviction was "obtained in violation of the right to counsel...." Daniels, at 382, 121 S. Ct. at
3  1583.  The Supreme Court noted that "a defendant convicted in state court" is afforded
4  "numerous opportunities to challenge the constitutionality of the conviction" by way of direct
5  appeal, in state court habeas petitions, and in a petition in federal court pursuant to 28 U.S.C. §
6  2254. Id. at 381, 121 S. Ct. at 1582-83.  Therefore, a prior conviction at the time of federal
7  sentencing is presumptively valid and may be used to enhance a federal sentence.  Daniels, at
8  382, 121 S. Ct. at 1583, citing Custis v. U.S., 511 U.S. 485, 497, 114 S. Ct. 1732 (1994).

9           Petitioner herein challenges the prior plea agreement on the basis that he believes
10 a cautionary admonition from a district attorney constituted a term which he believes his counsel
11 in later cases could have had enforced in subsequent criminal convictions/sentences (notably,
12 including one to which petitioner has conceded having agreed by entering a plea) arising from
13 criminal activity in which he engaged long after his 1991 plea bargain sentence had been served.
14  The court finds that petitioner simply fails to frame any claim whatsoever; however, petitioner
15 will be given leave to amend.  The undersigned notes that petitioner has recognized other
16 infirmities that may plague this filing.  See, e.g., petitioner's admission that he is outside the
17 AEDPA statute of limitations, contending he is entitled to equitable tolling under Laws v.
18 LaMarque, 351 F.3d 919 (9th Cir. 2003).  Petition, pp. 39-48.
19           In accordance with the above, IT IS HEREBY ORDERED that:
20           1. Petitioner's application to proceed in forma pauperis is granted;
21           2. The petition is dismissed with leave to amend within twenty-eight days;
22           3. Failure to file an amended petition will result in dismissal, or a
23 recommendation of dismissal, of this action.
24 DATED: March 15, 2011                    /s/ Gregory G. Hollows
25                                          _____
                                            UNITED STATES MAGISTRATE JUDGE
26 GGH:009
   enqu0572.ord